THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00116-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MIGUEL R. RODRIGUEZ, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's appeal from the Judgement entered by the Magistrate Judge on October 30, 2020.

## I. FACTUAL AND PROCEDURAL HISTORY

In the early afternoon of May 24, 2020, the Defendant Miguel R. Rodriguez[1] crashed his car into a rock wall on the Blue Ridge Parkway. [Transcript, Doc. 8-4 at 7]. The Defendant was significantly intoxicated and texting at the time of the accident. [Id. at 9]. United States Park Service Ranger Kathryn Andrews ("Officer Andrews") arrived on the scene of the accident shortly after it happened. [Id. at 7]. Officer Andrews ran a license

---

[1] The Defendant's actual name is Miguel Rodriguez Reyes but the Defendant's middle and last name appeared to have been transposed in the citation. [Doc. 8-4 at 18].

plate check which revealed that the vehicle's tag was issued to a different car. [Id.]. She also learned from a witness at the scene that the Defendant had tossed a black backpack down an embankment after the collision. The Defendant admitted he had thrown the backpack down the embankment because he was scared. He further admitted that the backpack contained beer. [Id. at 9]. During an inventory search of the Defendant's vehicle, Officer Andrews discovered a bottle of Bootlegger liquor in the glove box. [Id. at 10].

As Officer Andrews was speaking with the Defendant, she detected a strong odor of alcohol emanating from the Defendant. Upon questioning, the Defendant admitted to drinking the night before and to consuming two or three beers in morning hours before the accident. [Id. at 9]. After the Defendant failed a field sobriety test, Officer Andrews placed him under arrest for operating a motor vehicle under the influence of alcohol. The Defendant agreed to a blood draw, which later indicated that the Defendant's blood alcohol level was .268, well above the legal limit. [Id. at 10-11]. The Defendant also received several citations for other violations. [Id. at 4].

On October 30, 2020, the Defendant appeared before the Honorable W. Carleton Metcalf, United States Magistrate Judge, for a guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure. [Id. at 1]. The Defendant was represented by counsel at this hearing. In exchange for

2

Case 1:20-cr-00116-MR   Document 12   Filed 04/01/21   Page 2 of 10

Defendant's plea of guilty to the charge of operating a motor vehicle under the influence of drugs and/or alcohol on the Blue Ridge Parkway, the Government agreed to dismiss all the other citations. [Id. at 4]. The Court accepted the Defendant's guilty plea and called upon the Government to provide a factual basis. The Government presented evidence without objection with regard to the events of May 24, 2020. Judge Metcalf found that there was a factual basis for the guilty plea and entered a verdict of guilty as to Operating a Vehicle Under the Influence under 36 C.F.R. § 4.23. [Id. at 12].

Judge Metcalf then gave the parties an opportunity to address what an appropriate sentence would be for this Defendant. Counsel for the Defendant argued that a sentence from seven to ten days was appropriate. [Id. at 23]. At sentencing, the Defendant's attorney represented to the magistrate judge that the appliable North Carolina punishment for the Defendant would be a maximum of 120 days with a minimum of 48 hours' jail time or 48 hours' community service. [Id. at 21]. The Government gave no specific recommendation but asked the Court to take the Defendant's offense "very seriously" and impose a sentence that was "appropriate to this conduct." [Id. at 25-26].

3

In fashioning the Defendant's sentence, Judge Metcalf stated that he considered all the evidence presented as well as the arguments of counsel and the sentencing factors set forth in 18 U.S.C. § 3553. [Id. at 28]. Judge Metcalf also stated that he considered "as a reference but not binding" the factors set forth in North Carolina General Statutes Section 20-179. [Id.]. Judge Metcalf considered as mitigating factors the fact that the Defendant was truthful and cooperative with law enforcement; that he had a positive history of employment; that he had no driving history; and that the Defendant took full responsibility for his actions. [Id.]. Judge Metcalf also considered, however, the seriousness of the offense, including the fact that it occurred at midday on a Sunday on the parkway, at a time of year when many people would be present, as well as the significant damage caused by the accident. He also considered the Defendant's high blood alcohol level and the fact that the Defendant admitted to texting on his phone at the time of the crash. [Id. at 27]. Accordingly, Judge Metcalf sentenced the Defendant to 120 days of incarceration. [Id. at 28]. The Defendant now appeals, arguing that the sentence imposed is plainly unreasonable.

## II. STANDARD OF REVIEW

A defendant who is sentenced by a magistrate judge is not entitled to *de novo* review by a district court. Fed. R. Crim. P. 58(g)(2)(D). "The scope

4

of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Id. "An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C. § 3742(h).

In the present case, the offense to which the Defendant pled guilty subjected him to a maximum term of imprisonment not to exceed six months. See 36 C.F.R. § 1.3(a). As a result, the United States Sentencing Guidelines are not applicable, and the Defendant's sentence is instead reviewed under the "plainly unreasonable" standard. See 18 U.S.C. § 3742(a)(4); United States v. Plemmons, No. 1:12-cr-00062-MR, 2012 U.S. Dist. LEXIS 135944, at *7 (W.D.N.C. Sep. 22, 2012) (Reidinger, J.).

## III. DISCUSSION

In rendering Defendant's sentence, the Magistrate Judge was required to apply the relevant factors set forth in 18 U.S.C. § 3553(a)[2] and "make an

---

[2] Section 3553(a) requires the court to consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed —
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

5

individualized assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 597 (2007)). "Such individualized treatment is necessary to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Carter, 564 F.3d at 328 (internal quotations omitted). In considering the § 3553(a) factors, the Court "need not 'robotically tick through § 3553(a)'s every subsection.'" Id. at 329 (quoting United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)).

Additionally, the Magistrate Judge was required to "state in open court" his particular reasons in support of the chosen sentence. See 18 U.S.C. § 3553(c). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a

---

      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant;
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentences and the sentencing range established for [the offense] ...;
(5) any pertinent policy statement[s] ...;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." United States v. Blue, 877 F.3d 513, 519 (4th Cir. 2017).

In reviewing the Defendant's sentence, the Court first examines whether the Magistrate Judge committed a significant procedural error. See United States v. Provance, 944 F.3d 213, 218 (4th Cir. 2019); United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). "Failing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence are procedural errors." Provance, 944 F.3d at 218; Carter, 564 F.3d at 328. Only if the Court determines that a sentence is procedurally reasonable does it move on to the second step of the analysis, which is to determine "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Bolton, 858 F.3d 905, 911 (4th Cir. 2017); Carter, 564 F.3d at 328.

In the present case, the Defendant argues that the Magistrate Judge committed a procedural error because the sentence is so disproportionate to other sentences imposed for similar conduct in the Western District of North

Carolina. [Doc. 8 at 2]. In support of this argument, the Defendant cites a number of other cases from this District in which a similar offense was committed, but a lesser sentence was imposed. [Id. at 2-3]. The Defendant further argues that the sentence is plainly unreasonable because it is disproportionate compared to a sentence under the North Carolina state structured sentencing for driving while impaired. [Id. at 4].

Upon review of the record, the Court is satisfied that the Magistrate Judge did not commit any significant procedural error in determining the Defendant's sentence. The Magistrate Judge was not bound by the North Carolina state guidelines. United States v. Finley, 531 F.3d 288, 294-96 (4th Cir. 2008) (finding no error when the judge considered and rejected the state guidelines). Judge Metcalf nevertheless acknowledged the North Carolina statutory schemes a valuable reference, in applying federal law. He "allowed both sides to argue for the sentence that each considered appropriate" but ultimately rejected the request for a short jail sentence. United States v. Heath, 559 F.3d 263, 266 (4th Cir.), cert. denied, 558 U.S. 849, 130 S. Ct. 122 (2009). As for the cases Defendant presents for comparison, they are poor comparators. There is no indication that any of these involved more than simple DWI on the Parkway. Defendant, however, was heavily intoxicated (more than four times the legal limit), texting while driving in such

a condition, and doing so at a time when the Parkway was heavily traveled. As such, Defendant posed a significant danger to the general public. Judge Metcalf explicitly stated that he considered an even lengthier sentence but determined that the sentence would suffice because of the mitigating factors. [Doc. 8-4 at 28]. After acknowledging and responding to the arguments of counsel, the Judge Metcalf then examined the § 3553 factors and articulated a reasoned basis for the sentence given. See Rita, 551 U.S. at 356, 127 S.Ct. at 2468.

Turning now to the second step of the analysis, the Court next considers the substantive reasonableness of the sentence imposed. In so doing, the Court "must take into account the totality of the circumstances." Heath, 559 F.3d at 267. Here, considering the totality of the circumstances, the Court concludes that the Defendant's sentence was substantively reasonable. The 120-day sentence imposed by the Magistrate Judge was well within the six-month maximum sentence authorized by law. While considering the Defendant's lack of criminal history and his employment status, the Magistrate Judge also gave due consideration to the need for the sentence imposed to reflect the seriousness and breadth of Defendant's offense conduct (texting while driving with a high blood alcohol level at midday on the Blue Ridge Parkway), to promote respect for the law, and to

9

Case 1:20-cr-00116-MR  Document 12  Filed 04/01/21  Page 9 of 10

afford deterrence to such conduct by the Defendant and others. In light of these factors the sentence fashioned by the Magistrate Judge was decidedly appropriate. The sentence imposed was not plainly unreasonable and is hereby affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Judgment of the Magistrate Judge is hereby **AFFIRMED**, and the Defendant's appeal is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Defendant shall be allowed to self-report when notified by the United States Marshal.

The Clerk of Court is **DIRECTED** to provide copies of this Order to counsel for the Defendant, counsel for the Government, and the United States Marshal's Service.

**IT IS SO ORDERED.**

Signed: April 1, 2021

Martin Reidinger
Chief United States District Judge